# United States District Court

## For the District of Maryland

Brenda L. Reed and James L. Reed
(her husband). 8957 Corner Rd.
Hancock, Maryland, 21750

                          Plaintiffs

      v.

Action Products, Inc.
954 Sweeney Drive,
Hagerstown, Maryland, 21740

Donald L. Mease, Jr.
11813 Turners Lane,
Hagerstown, Maryland, 21740                    COMPLAINT AND JURY DEMAND

Vincent J. Serra
1219 Mason Dixon Rd.
Greencastle, Pennsylvania

                          Defendants                    CIVIL ACTION
                                                                     Docket Number

    Plaintiffs Brenda L. Reed and James L. Reed, residing at 8957 Corner Road, Hancock, Washington County, Maryland, by way of Complaint against the Defendants say:

### COUNT ONE

1. This action alleges violations of Title VII of the Civil Rights Act of 1964, as amended with respect to sexual harassment, sexual discrimination, hostile work environment and constructive

discharge, and as such this Court has jurisdiction over the matter pursuant to 28 U.S.C. section 1331.

2. At all times referred herein, Action Products, Inc. was/is a corporation actively conducting business at 954 Sweeney Drive, Hagerstown, Maryland and at 11910 Greencastle Pike, Williamsport, Maryland. Each located in Washington County, Maryland.

3. The Defendant Donald L. Mease, Jr. resides at 11813 Turners Lane, Hagerstown, MD, and Defendant Vincent J. Serra resides at 1219 Mason Dixon Rd, Greencastle, PA.  At all times referred to herein Defendant Mease was the Supervisor of Research and Development for Action Products Inc.; and Defendant Serra was the Vice President of Research and Development for Action Products Inc.  At all times referred to herein these two defendants worked from the Action Products Research and Development facility on Greencastle Pike in Williamsport, MD.

4. The Plaintiff Brenda L. Reed began employment with the Defendant Action Products in August of 2007. Then beginning on August 18, 2008 Plaintiff Brenda L. Reed was assigned to work at the R&D location in Williamsport, MD, under the supervision of the Defendants Mease and Serra. She continued employment at the R&D facility until she was constructively discharged in April of 2011.

5. During the course of her employment with Defendant Action Products, the Plaintiff Brenda L. Reed was entitled to all of the rights and protections of the federal law as set forth in paragraph one (1) of this Complaint. Notwithstanding, beginning on or about December of 2008, the defendants, and each of them, repeatedly and continuously violated the Plaintiff's rights and protections by making (or allowing to be made) demeaning and/or sexually explicit remarks, jokes, comments, gestures, writings, documents and actions, all of which were intended to degrade, demean and abuse the Plaintiff because of her sex, with many of these continuing re-ocurring violations done in the presence of co-workers and others.

6. Despite protestations by the Plaintiff, to her supervisors regarding this conduct, the described conduct by the defendants, and each of them, continued on a regular basis. Then in March of 2010, this continuing course of conduct was reported to Action Products Human Resources department by a co-worker of the Plaintiff. Then, shortly after being contacted by Human Resources regarding the complaints, the Plaintiff was questioned by Defendant Serra in his office regarding the complaints made and the Human Resources contact. Then, within fifteen minutes after the confrontation with Defendant Serra, the Plaintiff was confronted by the Defendant Mease about the complaint made; and after Plaintiff told Mease that all that was reported was true, Mease said to the Plaintiff "our working relationship will never be the same again".

7. Subsequent to these events the sexual harassment of the Plaintiff by the Defendants, and each of them, continued (including sexual remarks, gestures, comments, etc.) but then became accompanied by other degrading comments to (and about) the Plaintiff, ridiculing her speech and spelling, and otherwise embarrassing and demeaning the Plaintiff in the presence of others; and intentionally creating and maintaining a retaliatory hostile work environment for Plaintiff. This included (but was not limited to) the Defendants, and each of them, refusing to communicate with Plaintiff regarding work instructions and other required matters (silent treatment), intentionally leaving the building knowing that the Plaintiff required help or

     instruction on work matters, turning off her radio for no reason, and refusing to provide to her proper safety gloves she required to prevent injury to her hands while working.

8. These continuing acts and actions (occurring almost daily) caused the Plaintiff severe and debilitating emotional distress and caused her to become physically ill and severely stressed requiring her to seek medical and psychological treatment. Particularly in the period of January through April of 2011 these actions caused her inability to sleep, uncontrollable periods of (daily) vomiting, and rapid increased heartbeat which she sought treatment for.
9. The intentional and reckless conduct of the Defendants, and each of them, was so extreme and outrageous that it caused the severe emotional and physical distress which Plaintiff experienced. By April of 2011 the described unlawful conduct of the Defendants, and each of them, (increasing on a daily basis) became so severe as to cause the Plaintiff to be unable to function or do her job in such an abusive and hostile work environment.
10. On April 29, 2011, because of what was occurring, the Plaintiff tendered her resignation to Defendant Action Products. On June 8, 2011 the Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission, charging the Defendant Action Products with sexual discrimination, sexual harassment, hostile work environment, and constructive discharge. On or about November 19, 2011, the Plaintiff received a Notice of Right to Sue from the EEOC.
11. As a result the acts, actions and violations of federal law by the Defendants, and each of them, as set forth herein, the Plaintiff has been damaged, and continues to be damaged by severe emotional and physical distress, pain, suffering, lost wages, and other loses.

WHEREFORE, Plaintiff Brenda L. Reed demands judgment, jointly and severally against the Defendants Action Products, Inc., Donald L. Mease, Jr. and Vincent J. Serra, for compensatory and punitive damages, interest, and costs of suit.

COUNT TWO

1. Plaintiffs repeat each and every allegation contained in Count One, by reference thereto, as if set forth at length herein.
2. The acts and actions of the Defendants herein constitute, and resulted in the constructive discharge of the Plaintiff Brenda L. Reed, in violation of rights and protections afforded to her by Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, Plaintiff Brenda L. Reed demands judgment, jointly and severally against the Defendants Action Products, Inc., Donald L. Mease, Jr. and Vincent J. Serra, for compensatory and punitive damages, interest and costs of suit.

COUNT THREE

1. Plaintiffs repeat each and every allegation contained in Counts One and Two, by reference thereto, as if set forth at length herein.
2. The acts and actions of the Defendants, and each of them, constitute the intentional infliction of emotional distress upon Plaintiff Brenda L. Reed pursuant to Maryland law.
3. As a result of these actions, the Plaintiff has been damaged as previously set forth.
4. This Court has jurisdiction of this claim pursuant to 28 U.S.C. section 1367.

WHEREFORE, Plaintiff Brenda L. Reed demands judgment, jointly and severally against the
    Defendants Action Products, Inc., Donald L. Mease, Jr. and Vincent J. Serra, for
    compensatory and punitive damages, interest, and costs of suit.

COUNT FOUR

1. Plaintiffs repeat each and every allegation contained in Counts One, Two and Three, by reference thereto, as if set forth at length herein.
2. At all times referred to herein, the Plaintiff James L. Reed was the lawful husband of the Plaintiff Brenda L. Reed.
3. As a result of the acts and actions of the Defendants, and each of them, the Plaintiff James L. Reed has been caused to suffer the loss of consortium, aid, affection and services of his wife Brenda L. Reed.
4. This Court has jurisdiction of this claim pursuant to 28 U.S.C. section 1367.

WHEREFORE, Plaintiff James L. Reed demands judgment, jointly and severally against Defendants Action
        Inc., Donald L. Mease, Jr. and Vincent J. Serra, for damages, interest, and costs of suit.

JURY DEMAND

The Plaintiffs Brenda L. Reed and James L. Reed hereby demand a trial by jury on all issues herein so triable.

/s/
_____
James J. Podlas, Esq.
Attorney for Plaintiffs
123 W. High Street
Hancock, Maryland, 21750
410-713-5314
Fax 304-754-7726
e-mail  jj4040p@yahoo.com
Bar ID No - 29781