IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BRENDA L. REED,** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL No. 12-409-JKB |
| **ACTION PRODUCTS, INC.,** *et al.*, | * | |
| Defendants | * | |

## MEMORANDUM

Brenda L. Reed and her husband, James L. Reed ("Plaintiffs") brought this suit against Mrs. Reed's former employer, Action Products, Inc., and two of her former supervisors, Donald L. Mease, Jr. and Vincent J. Serra ("Defendants"), alleging sexual harassment and constructive discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, intentional infliction of emotional distress, and loss of consortium.  Now pending before the Court is Defendants' Motion to Dismiss (ECF No. 3).  The issues have been briefed and no oral argument is required.  Local Rule 105.6.  For the reasons explained below, the motion will be GRANTED.

I. BACKGROUND

In this employment dispute, Plaintiff sues her former employer and two of her former supervisors for allegedly subjecting her to sexual harassment followed by persistent ridicule and insults after she complained.  Specifically, she asserts claims for sexual harassment, constructive discharge, intentional infliction of emotional distress, and loss of consortium.  Plaintiff's

1

husband joins in the last of these claims.  Defendants have now moved to dismiss all claims other than that against Action Products, Inc. for sexual harassment and constructive discharge.  Because resolution of this motion involves relatively straightforward application of settled law, further elaboration of the alleged facts is not necessary.

## II.     LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 556-57 (2007).  In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the Plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed.  *Iqbal*, 129 S.Ct. at 1950.

## III.    ANALYSIS

The instant motion seeks dismissal of four different claims: (1) all Title VII claims against Plaintiff's individual supervisors; (2) Count II of the Complaint, which alleges constructive discharge as a standalone claim; (3) Count III, alleging intentional infliction of emotional distress; and (4) Count IV, alleging loss of consortium.  The Court will address each claim in turn.

### A. Claims Against Individual Supervisors

Defendants seek the dismissal of all Title VII claims against individual defendants Mease and Serra on the grounds that individual supervisors cannot be held liable under Title VII. Plaintiffs have stated that they do not object to dismissal of these claims. Defendants' motion will therefore be granted in this respect.

### B. Constructive Discharge

Count I of the Complaint sets forth the Plaintiffs' factual allegations and also claims that the alleged facts amount to sexual harassment and constructive discharge under Title VII. Count II merely restates the claim that the alleged facts constitute constructive discharge. Constructive discharge, however, is not an independent basis for relief, but rather a legal fiction under which an employee's voluntary resignation may be deemed a termination by the employer. *See Baker v. Baxa Corp.*, Civil Action No. 09-cv-02034-MSK-KLM, 2011 WL 650002 at *1 (D. Colo. Feb. 11, 2011). Count II thus fails to state a claim on which relief can be granted and will therefore be dismissed.

### C. Intentional Infliction of Emotional Distress

Plaintiffs claim that Defendants' alleged sexual harassment and retaliation constituted intentional infliction of emotional distress ("IIED"). Defendants argue, however, that Plaintiff has failed to allege three of the elements necessary to prevail on such a claim: (1) intentional or reckless conduct; (2) extreme and outrageous conduct; and (3) severe emotional distress. The Court agrees. The conduct alleged in the Complaint consists of persistent remarks, jokes, and gestures that Plaintiff found offensive and humiliating, as well as the creation of a general atmosphere of hostility. Although this behavior, assuming it occurred, is certainly unacceptable in the workplace and *may* give rise to relief under Title VII, a great deal more than this is

required to sustain a claim of IIED. *See, e.g., Littleton v. Prince George's County, Md.*, 797 F.Supp.2d 648, 659 (D. Md. 2011) (quoting *Hines v. French,* 852 A.2d 1047, 1060 (Md. Ct. Spec. App. 2004)) (internal quotation marks omitted) (IIED requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society."). Plaintiffs' IIED claim falls well short of this mark and will therefore be dismissed.

### D. Loss of Consortium

Plaintiffs have conceded in their brief that their loss of consortium claim is derivative of their IIED claim, such that if the IIED claim is dismissed, the loss of consortium claim necessarily fails. Therefore, since the IIED will be dismissed, the Court will also dismiss the loss of consortium claim.

### IV. CONCLUSION

Accordingly, an order shall issue GRANTING Defendants' Motion to Dismiss (ECF No. 3).

Dated this 6th day of July, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge